UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LUIS FARGAS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>FEDERAL BUREAU OF PRISONS,<br>Warden ANDERSON, FMC ROCHESTER,<br>Lt. MILLER, FMC Rochester,<br>Officer VAVRA, FMC Rochester,<br>Officer SMITH, FMC Rochester, and<br>RICHARD SLETTEN, MN Circuit Clerk,<br><br>    Defendants. | Civil No. 12-2165 (JRT/JSM)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff commenced this action by filing a civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed as to Defendant Richard Sletten.

When a plaintiff files an IFP application seeking to be excused from paying the $350 filing fee for his or her complaint, the Court will review the complaint to see whether it states a cause of action on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The complaint will be dismissed if the plaintiff has failed to plead an actionable claim for relief. Id.; see also Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the

named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is seeking relief against the named Defendants under the Federal Tort Claims Act, ("FTCA"), and under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Plaintiff's claims are based on events that allegedly occurred while he was incarcerated at the Federal Medical Center in Rochester, Minnesota, and most of the named Defendants are affiliated with the federal Bureau of Prisons, ("BOP"). However, one of the named Defendants, Richard Sletten, is not affiliated with the BOP. Defendant Sletten is the Clerk of Court for the United States District Court for the District of Minnesota.

The Court finds that Plaintiff has failed to plead any actionable claim for relief against Defendant Sletten, because Plaintiff's complaint does not allege any facts that could support an FTCA claim, a Bivens claim, or any other possible cause of action against

---

[1] Plaintiff attempted to bring similar claims several years ago in Fargas v. United States, Civil No. 06-3267 (JRT/JSM), but that case was dismissed without prejudice, because Plaintiff had not exhausted his administrative remedies for his FTCA claims or his Bivens claims.

2

Defendant Sletten. Indeed, the "Statement of Claim" section of Plaintiff's complaint does not even mention Defendant Sletten. The only clear reference to Sletten in the complaint appears in a section entitled "Legal Claims." There it is alleged that –

> "Richard Sletten, Clerk of the Court, violated Plaintiff's right to due process and equal protection when he failed to send out Plaintiff's legal correspondence. Further, when Mr. Sletten gave false information to Plaintiff, he was implicated in the conspiracy to dismiss this action for Lt. Miller and his subordinate officers. All of this has caused great physical and psychological damage."

The references to "due process" and "equal protection" suggest that Plaintiff is attempting to bring a <u>Bivens</u> civil rights claim against Defendant Sletten for allegedly violating his federal constitutional rights. However, to state an actionable civil rights claim against a defendant, a complaint must set forth <u>specific factual allegations</u> showing what that particular defendant actually did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. As explained by the Supreme Court, "a plaintiff must plead that each Government-official defendant, <u>through the official's own individual actions</u>, has violated the Constitution." <u>Iqbal</u>, 129 S.Ct. at 1948 (emphasis added).

Plaintiff's complaint does not describe any personal acts or omissions by Defendant Sletten that could be viewed as a violation of Plaintiff's constitutional rights. Plaintiff vaguely alleges that Sletten "failed to send out Plaintiff's legal correspondence," but he has not identified any specific correspondence that Sletten personally failed to "send out," nor has he described how that alleged omission supposedly violated the federal Constitution. It is further alleged that Sletten "gave false information to Plaintiff," and "was implicated in the conspiracy to dismiss this action for Lt. Miller and his subordinate officers." These allegations also fail to support an actionable <u>Bivens</u> claim, (or any other cause of action).

3

The complaint does not describe any "false information" that Sletten personally gave to Plaintiff, and there are no factual allegations showing that Sletten was somehow "implicated in the conspiracy to dismiss this action."[2]

In sum, Plaintiff has failed to plead any facts that could support any actionable claim for relief against Defendant Sletten. The Court will therefore recommend that Plaintiff's claims against Defendant Sletten be summarily dismissed pursuant to § 1915(e)(2)(B)(ii).

In a separate order, the Court has granted Plaintiff's pending IFP application in this case. Thus, at least for now, Plaintiff will be allowed to pursue his claims against the remaining Defendants named in his complaint, without prejudice to any defenses those Defendants may hereafter attempt to raise.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

Plaintiff's claims against Defendant Richard Sletten be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September 21, 2012

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

---

[2] The last allegation – i.e., that Sletten was involved in a conspiracy to dismiss "this action" – is simply nonsensical, because this action has not been dismissed. It seems likely that Plaintiff is referring to his last previous case, (see n. 1, supra), but that construction of Plaintiff's allegation does not make it any more sufficient. Plaintiff has not alleged any facts showing that Sletten was part of any "conspiracy," or that Sletten played any role in the dismissal of his previous lawsuit. In fact, the prior lawsuit was dismissed solely because Plaintiff himself failed to exhaust his administrative remedies. There are simply no factual allegations whatsoever that offer any support for Plaintiff's conclusory claim that Sletten violated his constitutional rights to due process and equal protection.

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 5, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.