UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LUIS FARGAS, | Civil No. 12-2165 (JRT/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| UNITED STATES OF AMERICA; FEDERAL BUREAU OF PRISONS; WARDEN ANDERSON, *FMC Rochester*; LT. MILLER, *FMC Rochester*; OFFICER VAVRA, *FMC Rochester*; and OFFICER SMITH, *FMC Rochester*; | |
| Defendants. | |

Luis Fargas, 1275 Cobblers Crossing, Elgin, IL  60120, *pro se*.

Lonnie F. Bryan, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN  55415, for defendants.

Plaintiff Luis Fargas objects to a Report and Recommendation ("R&R") filed July 22, 2013, by United States Magistrate Judge Janie S. Mayeron.  The Magistrate Judge recommended that this Court grant the motion to dismiss or for summary judgment made by the United States, the Federal Bureau of Prisons, Warden Anderson, Lt. Miller, Officer Vavra, and Officer Smith (collectively, the "Defendants") because the statute of limitations had elapsed on Fargas' claims.  After a careful review, the Court concludes that Fargas' claims are time-barred, and the Court will adopt the R&R in its entirety.

Fargas' claims arise out of a fight between Fargas and another inmate, Trini Rivas, on March 27, 2006 at the Federal Medical Center in Rochester, Minnesota. Fargas contends that Defendants' placement of him in a cell with Rivas was cruel and unusual punishment. Fargas also claims that Defendants prevented him from seeking and receiving any administrative remedies and interfered with his attempts to access the courts. The Magistrate Judge concluded that Fargas' claims were best characterized as Eighth Amendment *Bivens* claims and First Amendment claims. (R&R at 10-11.) The Magistrate Judge then concluded that Fargas' claims are barred by the statutes of limitations. (R&R at 11-13.)

Upon the filing of a Report and Recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. L.R. 72.2(b)(1). Fargas' memorandum objecting to the R&R makes no specific objections to the R&R. Indeed, Fargas notes that the "only mistake" is that the Court "does not know the difference [between] a fight and [an] assault." (Pl.'s Obj. to the R&R at 1, Aug. 7, 2013, Docket No. 49.) The Court has, however, conducted its own careful and independent review of both the record and the law and finds that there is no error of law or fact in the Magistrate Judge's R&R. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (emphasizing the need for *de novo* review by a district court whenever possible, even in the absence of specific objections). The R&R correctly characterizes each of Fargas' claims and accurately found the state law statute of limitations bars those claims. (*See* R&R at 11-13.)

To the extent Fargas addresses the Magistrate Judge's determination that the statutes of limitations applicable to his claims have elapsed, Fargas contends that Defendants are being permitted to win on a "technicality" because he is a "person of color." (Pl.'s Obj. to the R&R at 3.) But statutes of limitations are not a technicality, rather their "conclusive effects are designed to promote justice" and prevent claims after memories have faded and evidence grown stale. *Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348 (1944). Moreover, Fargas' claims received the same careful consideration as every other claim before this Court; the race of the parties before it has no effect on the Court's analysis and level of attention.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Fargas' objections [Docket No. 49] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated July 22, 2013 [Docket No. 48]. Therefore, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss or for Summary Judgment [Docket No. 23] is **GRANTED**.

2. Fargas' Complaint is **DISMISSED with prejudice**.

3. Fargas' Motion for Waiver of Noncompliance [Docket No. 42] is **GRANTED** insofar as the Court considered the merits of Fargas' Memorandum in Opposition to Defendants' Motion to Dismiss or for Summary Judgment [Docket No. 41].

        4.     Fargas' Motion to Submit Exhibits on the Record [Docket No. 46] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 23, 2013                                   s/ John R. Tunheim
at Minneapolis, Minnesota.                                  JOHN R. TUNHEIM
                                                                    United States District Judge