# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LUIS FARGAS, | Civil No. 12-2165 (JRT/JSM) |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA; FEDERAL BUREAU OF PRISONS; WARDEN ANDERSON, *FMC Rochester*; LT. MILLER, *FMC Rochester*; OFFICER VAVRA, *FMC Rochester*; and OFFICER SMITH, *FMC Rochester*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

Luis Fargas, 1275 Cobblers Crossing, Elgin, IL  60120, *pro se*.

Lonnie F. Bryan, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN  55415, for defendants.

This order address two post-judgment motions filed by plaintiff Luis Fargas after the Court issued an order adopting the Report and Recommendation of the Magistrate Judge and granting defendants' motion to dismiss or for summary judgment.  Fargas filed a motion for reconsideration or, in the alternative, for rehearing, requesting that the Court alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59.  Fargas also filed notice of appeal to the Eighth Circuit and sought permission from this Court to proceed in forma pauperis on appeal.  The Court will deny Fargas' motion for

reconsideration and will grant Fargas' application for permission to appeal in forma pauperis.

## BACKGROUND

Fargas was a prisoner at the Federal Medical Center ("FMC") in Rochester, Minnesota, in 2006. He brought this suit in 2012 against the United States, the Federal Bureau of Prisons, and the warden and several correctional officers at FMC Rochester (collectively, "defendants") alleging that in March 2006 officers at FMC Rochester forced him to share a cell with another prisoner who was HIV positive and a known gang member with a history of violence. Fargas alleged that defendants physically forced him into the cell with the other prisoner, who then physically assaulted Fargas until he lost consciousness, suffering serious injuries. Fargas alleged that the officers made inadequate efforts to stop the other prisoner, that he was refused proper medical treatment for these injuries, and that prison officials obstructed his ability to raise a complaint or claim regarding the incident.[1]

Defendants filed a motion to dismiss or for summary judgment. Construing Fargas' claims as First and Eighth Amendment *Bivens* claims and a common law tort claim under the Federal Tort Claims Act ("FTCA"), they argued that the statute of limitations barred each of Fargas' claims. Defendants argued that, because the events

---

[1] Fargas brought suit in 2006 alleging the same claims against the same defendants. The Court granted defendants' motion to dismiss on the grounds that Fargas failed to exhaust the relevant administrative remedies and the Eighth Circuit affirmed, modifying only to make the dismissal be without prejudice. *See Fargas v. United States*, Civ. No. 06-3267, 2008 WL 698487 (D. Minn. Mar. 13, 2008) *aff'd as modified*, 334 F. App'x 40 (8th Cir. 2009).

underlying Fargas' claim occurred on March 27, 2006, and he brought this action on August 29, 2012, the six-month window for bringing an FTCA claim and the six-year statute of limitations for common law torts had passed.  The Magistrate Judge similarly construed Fargas' claims as an Eighth Amendment claim and a First Amendment access to courts claim brought under *Bivens*.  The Magistrate Judge found that his claims accrued no later than May 8, 2006, and concluded that his claims were time-barred, recommending that the Court dismiss his claims.  (Report and Recommendation, July 22, 2013, Docket No. 48.)   Fargas objected to the Report and Recommendation of the Magistrate Judge, but the Court overruled his objections, finding that the relevant statute of limitations barred his claims.  (Mem. Op. and Order, Sept. 23, 2013, Docket No. 52.)  Fargas now brings this motion to reconsider.

## DISCUSSION

## I.    MOTION FOR RECONSIDERATION

The Court construes Fargas' motion as one to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), or in the alternative, a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6) because, although the motion references Rule 59, it is titled as a motion for reconsideration.  Fed. R. Civ. P. 59(e), 60(b)(6); *see also Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (construing pro se plaintiff's pleadings in favor of plaintiff); *Thompson v. Housewright*, 741 F.2d 213, 215 (8th Cir. 1984) ("[I]t is our duty to construe pro se pleadings liberally.").  Fargas filed the motion on October 28, 2013, thirty-five days after the Court entered judgment on September 23,

2013, which renders any motion under Rule 59(e) untimely. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Thus, the Court will consider Fargas' motion only as a motion for reconsideration under Rule 60(b)(6), which must be filed "within a reasonable time." Fed. R. Civ. P. 60(c).

Under Federal Rule of Civil Procedure 60(b)(6), "the court may relieve a party or its legal representative from a final judgment [or] order," for any "reason that justifies relief." Fed. R. Civ. P. 60(b)(6).[2] "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence . . . . [A] motion for reconsideration [may not] serve as the occasion to tender new legal theories for the first time." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted).

Fargas' motion to reconsider does not fall into this limited category of grounds for relief under Rule 60(b)(6). He makes two primary arguments against the Court's statute of limitations finding.[3] First, he appears to argue that part of the reason he missed the statute of limitations was because of obstruction by the defendants. (Mot. for

---

[2] Minnesota Local Rule 7.1(j) requires that a party request permission from the Court before filing a motion to reconsider. D. Minn. LR 7.1(j). Fargas did not do so here, but because of the liberal construction afforded to pleadings by pro se plaintiffs, the Court declines to rest its decision on that ground.

[3] He makes several other arguments, which the Court deems as non-responsive or irrelevant to the Court's order dismissing his claims as time-barred. He argues without explanation that the statute of limitations "had not elapsed on this action," and that the Court "order is only saying that the Defendants can, and will do what they want to people of color." (Mot. for Reconsideration at 2, Oct. 28, 2013, Docket No. 55.) Fargas also recites many of the allegations underlying his complaint. (*See, e.g.*, *id.* (Lt. Miller "ke[pt] him away from any help" and didn't give him any legal mail).)

Reconsideration at 3, Oct. 28, 2013, Docket No. 55 ("[W]hen an officer of the court is found to have fraudulently presented facts to [the] court, so that the court is impaired in the impartial performance of its legal task, the act known as 'fraud upon the court' is a crime . . . that is not subject to any statute of limitation.").) He also argues that his claim is not time-barred because his prior, identical lawsuit was dismissed without prejudice which means that he can re-file.[4] (*Id.* ("If the court adopts the Minnesota state statute of limitation for general torts claims [of] six years, Plaintiff filed his first claim on March 27, 2006 . . . . But the dismiss[al] without prejudice means that it can be refilled [sic].").)

Neither of these arguments alters the Court's determination that Fargas' claims are barred by the statute of limitations. First, while Fargas' claim that defendants obstructed his ability to file within the statute of limitations may arguably have affected his ability to exhaust administrative remedies in the months following his alleged injuries, any such obstruction could not reasonably have prevented Fargas from filing this suit within six years. In fact, Fargas **did** file a lawsuit based on the injuries alleged here in 2006, in the same year as his claims accrued. *See Fargas v. United States*, Civ. No. 06-3267, 2008 WL 698487 (D. Minn. Mar. 13, 2008) *aff'd as modified*, 334 F. App'x 40 (8th Cir. 2009).

Second, it is well established that a "dismissal without prejudice does not toll a statute of limitation." *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995); *see also Ellering v. Sellstate Realty Sys. Network, Inc.*, 801 F. Supp. 2d 834, 842

---

[4] *See Fargas v. United States*, 334 F. App'x 40, 40-41 (8th Cir. 2009) (affirming dismissal but modifying to be without prejudice).

(D. Minn. 2011) ("[I]t is beyond peradventure that a '[d]ismissal without prejudice operates to leave the parties as if no action had been brought at all.'" (emphasis omitted) (citing *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1194 (8th Cir. 1976)). The Court appreciates the challenge of navigating filing deadlines and court procedures, particularly for pro se plaintiffs. *See Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993) ("Pleadings and other documents filed by pro se litigants should be treated with a degree of indulgence, in order to avoid a meritorious claim's being lost through inadvertence or misunderstanding."). But the statute of limitations here plainly bars Fargas' claim and must be enforced. *See United States v. Locke*, 471 U.S. 84, 101 (1985) ("[S]tatutes of limitations . . . necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.").

Thus, Fargas has not identified any viable factual or legal grounds for setting aside the judgment in this case pursuant to Rule 60(b).

## II.     APPLICATION TO APPEAL IN FORMA PAUPERIS

Fargas seeks permission to proceed *in forma pauperis* on appeal. Fargas previously sought the Court's permission to proceed *in forma pauperis* in this action before the District Court, which the Magistrate Judge granted. (Order on Application to Proceed in without Prepayment of Fees, Sept. 21, 2012, Docket No. 3.) Fargas presents comparable financial information on the instant application as the prior application which was granted by the Magistrate Judge. (*Compare* Application to Proceed in District Court

Without Prepaying Fees or Costs, Aug. 29, 2012, Docket No. 2, *with* Application to Proceed In Forma Pauperis on Appeal, Oct. 28, 2013, Docket No. 57.) The Court sees no reason to deny Fargas permission to proceed *in forma pauperis* on appeal.

The Court notes that under Federal Rule of Appellate Procedure 24, "A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization" unless the District Court certifies that the appeal is not taken in good faith or unless a statute provides otherwise. Fed. R. App. P. 24(a)(3). Neither exception applies here, so Fargas likely did not need to seek authorization to proceed on appeal in forma pauperis. Nevertheless, out of an abundance of caution, the Court will grant the instant application to proceed on appeal without prepayment of fees under 28 U.S.C. § 1915.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Fargas' Motion for Reconsideration, or in the Alternative, Motion for Rehearing [Docket No. 55] is **DENIED**.

2. Fargas' Application for Permission to Appeal In Forma Pauperis [Docket No. 57.] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 2, 2014             ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                   United States District Judge